UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED

2017 MAY -8 P 4:53

WILLIAM W. BLEVINS

| | |
|---|---|
| DEAN E. GILBERT,<br><br>    Plaintiff,<br><br>v.<br><br>SIDNEY H. CATES, IV, individually and in his official capacity as Judge of the Orleans Parish Civil District Court; **BALDWIN HASPEL BURKE & MAYER, LLC;** **THOMAS J. CORTAZZO,** individually, and in his capacity as a partner of Baldwin Haspel Burke & Mayer; **DWIGHT A. GILBERT**, individually; **MARLIN A. GUSMAN,** in his official capacity as Sheriff of Orleans Parish Justice Center; **MICHELLE MOUTON**, individually, and in her official capacity as Law Clerk for the Orleans Parish Civil District Court; **LAURIE HENDRICKSON**, individually, and in her official capacity as Court Reporter for the Orleans Parish Civil District Court; **JOEL A. MENDLER**, individually, and in his capacity as a partner of Baldwin Haspel Burke & Mayer; **JOSEPH A. BONVENTURE**, individually, and in his capacity as counsel for Baldwin Haspel Burke and Mayer; and the **PARISH of ORLEANS, LOUISIANA**<br><br>    Defendant(s). | CIVIL ACTION NUMBER:<br><br>SECTION:  **17-4786**<br><br>JUDGE:<br><br>MAGISTRATE: **SECT. H MAG. 4**<br><br>JURY TRIAL DEMANDED |

___ Fee 400.00
___ Process_____
 X  Dktd_____
___ CtRmDep_____
___ Doc. No_____

# COMPLAINT

Dean E. Gilbert, <u>pro-se</u>, as and for his complaint herein alleges as follows:

## NATURE OF ACTION

1. This is a civil action to redress the deprivation under color of statue, custom, or usage of rights, privileges, and immunities secured by the First, Fourth, Sixth, Eight, and Fourteenth Amendments to the Constitution of the United States, 42 U.S.C §§§§ 1981, 1983, 1985, and 1985. Harms caused by the civil rights violations include malicious prosecution, conspiracy, retaliation, negligence, and intentional infliction of emotional distress

## JURISDICTION

2. The jurisdiction of the Court is invoked under 28 U.S.C. §§1331 and 1343. This court is authorized to give declaratory and injunctive relief under 28 U.S.C.A §§§ 1343, 2201, and 2202, and permanent injunctive relief pursuant to Rule 65 of the Federal Civil Code of Procedure. Pendant and supplemental jurisdiction are invoked for this court to decide claims that may arise under state law.

## VENUE

3. Venue is proper under 28 U.S.C § 1391. All but two of the defendants reside in this district, and the events giving rise to the claims asserted herein occurred within this district.

## THE PARTIES

4. Plaintiff, Dean E. Gilbert, is a person of the full age of majority and a citizen of the State of Louisiana and is currently domiciled in New Orleans, Louisiana.

5. Defendant, Sidney H. Cates, IV, who is sued in his individual and official capacities, at all times relevant to this complaint presided as the elected Judge of the Orleans Parish Civil District Court, and with respect to the allegations set forth hereinafter acted under the color of law. He is a resident of full age of majority of the Eastern District of Louisiana.

6. Defendant, Baldwin Haspel Burke & Mayer, LLC is incorporated, in Louisiana, as a law firm, with headquarters at 1100 Poydras Street, New Orleans, Louisiana.

7. Defendant, Thomas J. Cortazzo, who is sued in his individual and professional capacity, at all times relevant to this complaint, was the attorney at Baldwin Haspel Burke & Mayer who represented Dwight Gilbert and the Succession of Bernadette Gaines Gilbert and with respect to the allegations set forth hereinafter acted under color of law. He is a resident of full age of majority of the Eastern District of Louisiana.

8. Defendant, Dwight A. Gilbert, who is sued in his individual capacity, at all times relevant to this complaint , is a person of full majority and a citizen of the State of Michigan and is currently domiciled in Ann Arbor, Michigan, and with respect to the allegations set forth hereinafter acted under color of law.

9. Defendant, Marlin A. Gusman, is the elected Sheriff of Orleans Parish Prison ("OPP"). He has overall responsibility for the policies, procedures, operations and supervision of the Orleans Parish Sheriff's Office, its employees, agents, and assigns, including all correctional facilities under the control of his office, including OPP. He is a resident of full age of majority of the Eastern District of Louisiana.

10. Defendant, Michelle Mouton, who is sued in her individual and official capacities, at all times relevant to this complaint, was a law clerk for the Honorable Sidney H. Cates, IV., and with respect to the allegations set forth hereinafter acted under the color of law. She is a resident of full age of majority of the Eastern District of Louisiana.

11. Defendant, Laurie Hendrickson, who is sued in her individual and official capacities, at all times relevant to this complaint, was a court reporter for the Honorable Sidney H. Cates, IV., and with respect to the allegations set forth hereinafter acted under the color of law. She is a resident of full age of majority of the Eastern District of Louisiana.

12. Defendant, Joel A. Mendler, who is sued in his individual and official capacities, at all times relevant to this complaint, was a lawyer for Baldwin Haspel Burke and Mayer and with respect to the allegations set forth hereinafter acted under the color of law. He is a resident of full age of majority of the Eastern District of Louisiana.

13. Defendant, Joseph A. Bonventure, who is sued in his individual and official capacities, at all times relevant to this complaint, as counsel for Baldwin Haspel Burke and Mayer and with respect to the allegations set forth hereinafter acted under the color of law. He is a resident of full age of majority of the state of Michigan.

14. Defendant, Orleans Parish, is sued as a municipal corporate Parish of the State of Louisiana.

## CO-CONSPIRATORS

15. Upon information and belief, various other persons not presently named as defendants herein participated as co-conspirators with the named defendants in the violations of plaintiff's rights as set forth below.

## FACTUAL PREDICATES

16. The plaintiff's mother, Bernadette Gaines Gilbert, died, intestate, on December 11, 2011. She died of complications from Stage 4 lung cancer. The cancer was discovered while she was preparing to undergo chemotherapy to treat her multiple myeloma.

17. During the years preceding her death, the plaintiff served as the caretaker for his parents and assisted them in their efforts to recover from their devastating losses from Hurricane Katrina.

18. Immediately, after the plaintiff's mother death, defendant, Dwight Gilbert, took their father, Dean Sr., to Dwight's home in Michigan, to, ostensibly, celebrate Christmas. At the time of Dean Sr.'s departure, he was suffering from significant cognitive impairments which were only aggravated by his wife's death.

19. Unbeknownst to plaintiff and the rest of his Louisiana relative's, defendant, Dwight, brainwashed their father into believing that plaintiff killed his wife, and he conspired with other Louisiana relatives to kill him too. Thus, it was only safe for him to hide from his Louisiana relatives in Michigan.

20. Meanwhile, the plaintiff still expected his father to return to his home. Road Home demanded that the plaintiff's mother's estate be opened to pay the contractor his final payment from the construction grant. The plaintiff continued his management of his parents' Road Home grants and properties through the opening of the Succession. Through the use of his judicial office as an offensive weapon to retaliate against the plaintiff and enrich his campaign patrons and friends, Judge Cates conspired with Sheriff Gusman and others to violate plaintiff's civil rights by acting through an absence of jurisdiction.

WHEREFORE, plaintiff demands judgment against the defendants, and each of them, jointly and severally, and a permanent injunction against him presiding over any matter related to the Succession of Bernadette Gaines Gilbert.

Respectfully submitted,

Dean E. Gilbert
5408 LaFaye St.
New Orleans, Louisiana 70122
(312) 399-0410