## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

DEAN E. GILBERT                                       CIVIL ACTION

VERSUS                                                NO:    17-04786 c/w
                                                              17-12195

SIDNEY H. CATES, ET AL.                               SECTION: "H" (4)

## ORDER

Before the Court is Plaintiff's **Motion for Appointment of Counsel (R. Doc. 34)**. The motion is opposed. R. Doc. 51. The motion was heard on the briefs.

**I.    Background**

This litigation was filed by Plaintiff, Dean E. Gilbert, alleging that he was the caretaker for his mother and father until after his mother's death. At that time his father moved to Michigan to live with his brother. Plaintiff states that his father was "brainwashed" into believing the Plaintiff killed his father's wife (mother). Plaintiff states that during this time he managed his mother's estate and opened a succession.

Plaintiff argues that Defendant Sidney Cates, IV, a judge on the Orleans Parish Civil District Court, conspired with Marlin Gusman, Sheriff, and the other defendants to retaliate against the Plaintiff and enrich his campaign and friends. R. Doc. 1. An additional complaint originally filed in state court was removed and consolidated with the instant action alleging intentional infliction of emotional distress, negligent infliction emotional distress, conversion, invasion of privacy, interference with prospective economic advantages, misrepresentation, fraud, abuse of process, breach of fiduciary duty, legal malpractice, breach of trust, and civil rights violations. Civ. Action No. 17-12195, R. Doc. 1. The Plaintiff has also sought leave to file an eighty-two (82) page amended complaint. R. Doc. 33.

The instant motion before the Court is a motion to appoint counsel. R. Doc. 34. Plaintiff argues that an appointment of counsel is needed because if the Court grants leave to file the amended complaint it will adjudicate causes of action that harmed him and many other people of his race, color, and economic class, and will have societal significance. *Id.*

The motion is opposed. R. Doc. 51. Defendants Baldwin, Haspel, Burke & Mayer, LLC, Thomas Cortazzo, and Joel Mendler argue that there are no exceptional circumstances to warrant an appointment of counsel, the Plaintiff is not indigent, has made no showing of being indigent, and his claims don't meet a threshold level of plausibility for appointment of counsel. *Id.*

## II.    Law and Analysis

Although 28 U.S.C. § 1915(e) authorizes appointment of an attorney to represent an indigent, there is no right to the automatic appointment of counsel in civil cases. *Salmon v. Corpus Christi ISD,* 911 F.2d 1165, 1166 (5th Cir. 1990). A Plaintiff does not have either a constitutional right or an automatic right to appointed counsel in a civil case. *See Caston v. Sears, Roebuck and Co.*, 556 F.2d 1305, 1309 (5th Cir. 1977). A civil rights litigant does not have a right to appointed counsel absent "exceptional circumstances." *See Norton v. E.U. Dimazana*, 122 F.3d 286, 293 (5th Cir. 1997); *Akasike v. Fitzpatrick*, 26 F.3d 510, 512 (5th Cir. 1994); *Vitug v. Merit Systems Protection Board*, 2002 WL 1216023 (E.D. La. June 4, 2002) (Shushan, M. J.); *Sly v. Stalder*, 2002 WL 31371958 (E.D. La. Oct. 17, 2002) (Wilkinson, M. J.); *Valentine v. City of Austin*, 2015 WL 12942439 (W.D. Tex. July 15, 2015).

In deciding whether "exceptional circumstances" exist, a court should consider: (1) the type and complexity of the case; (2) whether the litigant is capable of adequately presenting and investigating his case; (3) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination of witnesses; and (4)

the likelihood that appointment of counsel will benefit the court and the litigants. *Jackson v. Dallas Police Dept.*, 811 F.2d 260, 262 (5th Cir. 1986); *Ulmer v. Chancellor,* 691 F.2d 209 (5th Cir. 1982).

The Plaintiff argues that the adjudication of his case will have widespread societal impact because his allegations include ta contention that the Orleans Parish Civil District Court is failing to guarantee due process for those threatened with contempt, will help protect prisoners at the Orleans Parish Justice Center, that Louisiana Supreme Court Rules XXIII is unconstitutional, and the named defendant Judge Sidney Cates is operating a "syndicate" or "conspiracy" out of his courtroom.

In opposition it is argued that Plaintiff has failed to meet his burden of proof to show exceptional circumstances because they do not exist, plaintiff is not indigent, has made no showing of an attempt to secure counsel, and even if he is indigent the claims do not meet the threshold level of plausibility required. The opposition argues that that underlying both the current complaints before the Court and the proposed amended complaint is a succession action in which Judge Cates removed the Plaintiff as succession representative because Plaintiff obtained the appointment *ex parte* without taking the required oath and without posting a bond, Plaintiff's brother became succession representative, appeals occurred and the whole process has been litigated except for a writ application to the Louisiana Supreme Court.

Defendants argue that no exceptional circumstances exist for the appointment of counsel because: (1) the facts are simple because they involved a succession matter and any conspiratorial allegations are solely an attempt to re-litigate matters that were before the Louisiana Fourth Circuit; (2) Plaintiff can adequately represent himself as he has filed dozens of motions, pleadings, writ applications, and appeals, and is able to locate statutory law and jurisprudence; (3) the Plaintiff

3

can adequately investigate the case as drafting discovery requires no additional acumen and his ability to identify defendants and adopt legal theories shows an ability to investigate claims; and (4) the need for skilled cross-examination is minimal as the underlying facts are a matter of record and the majority of claims are prescribed or preempted facially.

First, the instant action is styled as a civil rights case, however, underlying the civil rights allegations is a succession matter. Some courts have found that civil rights actions are somewhat more complicated than other cases. *See Valentine*, 2015 WL 12942439, at *1 (citing *Jackson* for the proposition that civil rights cases are generally more complex than many other cases). The Plaintiff has previously litigated many of the underlying facts including the succession and contempt of court issues before both state trial and appellate courts. *See Succession of Gilbert*, 2017 WL 5167819 (La. App. 4 Cir. Nov. 8, 2017).  While as a general matter civil rights actions are somewhat more complicated than other actions, the Court finds this factor only weighs slightly in the Plaintiff's favor because he has litigated many of the disputes underlying this matter previously and therefore the factual issues and many of the legal issues are well-known to the Plaintiff.

Second, the Court finds that the Plaintiff can adequately represent himself. The Plaintiff has filed numerous motions in this matter as well as representing himself at the state court level. The filings in this case show that he understands court processes and he has the ability to communicate requests to the Court. Further, a review of the record shows that the Plaintiff is able to locate jurisprudence and incorporate it into his pleadings. This finding, therefore, weighs heavily against the appointment of counsel.  *See Blackman v. Global Indus. Offshore, L.L.C.*, 228 Fed. App'x. 410, 411 (5th Cir. 2007) (district court did not err in denying motion for appointment of

counsel based on finding plaintiff is "capable of articulating his claims and adequately representing his interests in this case").

A review of the pending claims and proposed claims indicates that a significant portion of the evidence would be developed from prior proceedings and records of the courts, public records, and financial records related to the succession. As such, the Court finds that the third factor weighs against the appointment of counsel.

Finally, the Court finds that the appointment of counsel would not benefit the Court nor other litigants. The Court finds that the pleadings and motions filed by the Plaintiff have been sufficiently clear such that appointment of counsel is not necessary, nor have any of the other parties suggested that the appointment of counsel would benefit the other litigants. As such, the fourth factor weighs against the appointment of counsel.

After evaluating the factors the Court finds that they weigh against the appointment of counsel and requires a denial of the Plaintiff's motion. He has not met the required burden of demonstrating exceptional circumstances for the appointment of counsel.

III.   **Conclusion**

**IT IS ORDERED** that the Plaintiff's **Motion for Appointment of Counsel (R. Doc. 34)** is **DENIED.**

New Orleans, Louisiana, this 18th day of June 2018.

**KAREN WELLS ROBY
CHIEF UNITED STATES MAGISTRATE JUDGE**