**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **DEAN E. GILBERT** | **CIVIL ACTION** |
| **VERSUS** | **NO:**    **17-4786 c/w** |
| | **17-12195** |
| **SIDNEY H. CATES, IV, ET AL.** | **SECTION: "H" (4)** |

<u>**ORDER**</u>

Before the Court is **Plaintiff's Motion for Protective Order (R. Doc. 57)** seeking an order from this Court to compel Judge Sidney Cates from "altering or destroying information with the type of redaction and purging of the trial record that he ordered." The motion is opposed. R. Doc. 58. The motion was heard on the briefs.

**I.**    <u>**Background**</u>

The Plaintiff, Dean Gilbert ("Dean Jr."), filed a claim against state court judge, Sidney Cates pursuant to Title 42 U.S.C.A. § 1983 because of alleged conflicts of interest in his mother's now closed succession proceeding. Dean Jr. alleges that the judge presided over a case with "avid campaign contributors," held *ex parte* communications with the campaign contributors, refused to reveal any business relationship with the participating law firm, allegedly instructed the court reporter to delete portions of the transcript, and avoided or refused to consider evidence of elder abuse, undue influence, theft, money laundering, and perjury by the law firm of Baldwin Haspel Burke & Mayer, LLC and their client, Dwight Gilbert. Dean Jr. also alleges that the judge sealed and then unsealed the case record, as well as closed and reopened the hearings.

Now Dean Jr. seeks the issuance of a "protective order" to prevent Judge Cates from "altering or destroying information with the type of redaction and purging of the trial record that

1

he ordered in the subject matter." R. Doc. 57, p. 2. He, therefore, seeks the entry of an order prohibiting the judge from destroying, redacting, or altering the trial court record.

Judge Cates opposes the motion contending that the real request made by Dean Jr. is for an injunction that is not available to him because no declaratory decree was violated and declaratory relief remains available pursuant to the Federal Court Improvement Act of 1996. R. Doc. 58.

## II.    <u>Standard of Review</u>

Federal Rule of Civil Procedure 26 states, in relevant part, that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense..." Fed. R. Civ. P. 26(c)(1). The court's order may: (1) forbid disclosure or discovery; (2) specify terms, including the time and place, for the disclosure or discovery; or (3) forbid inquiry into certain matters, or limit the scope of disclosure or discovery to certain matters. Fed. R. Civ. P. 26(c)(1)(A), (B), (D). "To maintain a protective order, a party must be able to show 'for each particular document it seeks to protect...that specific prejudice or harm will result if no protective order is granted.'" *Soule v. RSC Equip. Rental, Inc.*, No. 11-2022, 2012 WL 425166, at *2 (E.D. La. Feb. 9, 2012) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003)).

However, "[b]road allegations of harm unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Id.* (quoting *Beckman Indus. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992)). "The court enjoys broad discretion in entering and modifying [a protective] order." *Raytheon Co. v. Indigo Sys. Corp.*, No. 4:07-cv-109, 2008 WL 4371679, at *2 (E.D. Tex. Sept. 18, 2008) (citing *Abraham v. Intermountain Health Care Inc.*, 461 F.3d 1249, 1268 (10th Cir. 2006); *Peoples v. Aldine Indep. Sch. Dist.*, No. 06-2818, 2008 WL 2571900 (S.D. Tex. June 19, 2008)).

2

III.    <u>Analysis</u>

Dean Jr. seeks an order enjoining judge Sidney Cates from destroying, altering, or redacting the state court record in his now closed succession proceeding of his mother, Bernadette Gains Gilbert.  He complains in the motion that the judge had a pattern of striking and redacting files and sealing the court file during the proceeding.  Dean Jr. alleges that if the record is preserved it would show that certain minute orders show a nexus between the outcome of the proceeding and the economic benefit to the judge's personal friends. R. Doc. 57.

Judge Cates, in opposition, contends that while Dean Jr. casts the motion as one for a protective order, what it truly seeks is an order enjoining the judge from exercising authority over the closed case.  Judge Cates points out that he has since recused himself from the matter and further that a final judgment affirmed by the Louisiana Supreme Court was already issued.  R. Doc. 58.

Initially, the Court notes that usage of the term protective order, according to the Federal Rules of Civil Procedure, involves forbidding the disclosure of information.  It does not involve the enjoining of a party from certain actions.  Therefore, Dean Jr.'s request, while titled a Motion for Protective Order, is in all actuality a Motion for Injunctive Relief.

However, the Federal Courts Improvement Act of 1996 ("FCIA") amended Section 1983 to provide that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is unavailable." 42 U.S.C. § 1983; *See Machetta v. Moren*, 726 F. App'x. 219, 200 (5th Cir. 2018). The FCIA, therefore, statutorily overruled the Supreme Court's holding in *Pulliam v. Allen*, 466 U.S. 522 (1984), regarding the availability of injunctive relief against a state judge in his official capacity. *Guerin v. Higgins,* No. 00–0244, 2001 WL 363486,

at *1 (2d Cir. 2001); *Nollet v. Justices of the Trial Ct. of Com. of Mass.,* 83 F. Supp. 2d 204, 210 (D. Mass. 2000); *see also Bolin v. Story,* 225 F.3d 1234, 1242 (11th Cir. 2000) (the 1996 amendment to Section 1983 would limit the relief available from a judge to declaratory relief). Injunctive relief is not available to Dean Jr. in this Section 1983 action against Judge Cates. *Tesmer v. Granholm,* 114 F. Supp. 2d 603, 618 (E.D. Mich. 2000); *Nollet,* 83 F. Supp. 2d at 210. Therefore, Dean Jr.'s motion for protective order, which clearly is seeking to enjoin the judge, is denied.

## IV.    Conclusion

Accordingly,

**IT IS ORDERED** that **Plaintiff's Motion for Protective Order (R. Doc. 57)** is **DENIED.**

New Orleans, Louisiana, this __20th__ day of July, 2018

**KAREN WELLS ROBY**
**CHIEF U.S. MAGISTRATE JUDGE**