UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DEAN E. GILBERT** | **CIVIL ACTION** |
| **VERSUS** | **NO:   17-04786 c/w** |
| | **17-12195** |
| **SIDNEY H. CATES, ET AL.** | **SECTION: "H" (4)** |

ORDER AND REASONS

Before the Court is Plaintiff's **Motion for Leave to File a Second Supplemental or Third Amend Complaint (R. Doc. 72).** The motion is opposed. R. Docs. 73, 74. The motion was heard on the briefs.

I.     Background

Plaintiff, Dean Gilbert ("Dean Jr."), filed this lawsuit contending that his constitutional rights,[1] Title 42 U.S.C. § 1981[2], 1983[3], and 1985[4] were violated and alleges state law claims[5] in a state court succession proceeding involving the death of his mother, Bernadette Gaines Gilbert. The facts of this dispute were previously set out in detail by the Court and are incorporated herein

---

[1] Gilbert contends that the defendants violated his Civil Rights in violation of the First Amendment (protecting the free exercise of religion, speech and press, assembly, and petition for redress of grievances), Fourth Amendment (protects the right to be secure in your house and papers against search and seizure), Fifth Amendment (provides for a grand jury, protects against double jeopardy, provides for due process, and against compulsory witness), Eighth Amendment (protects against excessive bail and cruel and unusual punishment), and Fourteenth Amendment (protects against laws that abridge the privileges or immunities of citizens, provides for due process and equal protection).

[2] Section 1981 protects the right to make and enforce contracts.

[3] Section 1983 provides the right to sue the government for civil rights violations.

[4] Section 1985 provides for damages for a conspiracy to interfere with civil rights and failure to report if conspiracy is known.

[5] Gilbert also alleges the following state law violations: (1) malicious prosecution; (2) conspiracy; (3) retaliation; (4) negligence; and (5) intentional inflection of emotional distress.

by reference. *See* R. Doc. 75. In brief, this claim arises out of a state court succession proceeding that is now closed, but which was pending for years in the Civil District Court for the Parish of Orleans before Judge Sidney Cates. Dean Jr. is one of three sons of Bernadette Gaines Gilbert, who died intestate on December 9, 2011. At the time of his mother's death, his father was still alive and was relocated to live with his brother Dwight in Michigan.

Dean Jr., unhappy with being removed as administrator of the estate and was ultimately disinherited by his father, sought leave to file a second amended complaint that attempted to assert a sundry of claims against the judge, the judge's staff, Dean Jr.'s brothers, the lawyers retained to represent his father's interest in the succession, and the lawyer who wrote his fathers will. The Court denied the motion for leave to file the amended complaint. R. Doc. 75. Now, Dean Jr. seeks to file a third amended complaint based upon what he contends are new facts and events. R. Doc. 72.

Dean Jr. seeks to assert a claim against Fourth Circuit Court of Appeal Judge Regina Bartholomew Woods, who he claims benefited from a decision of Judge Cates when she was running for the Circuit Court. Dean Jr. notes that the appellate court reversed the TRO issued by Judge Cates removing a judicial election commercial by Judge Laurie White, the opponent of Judge Woods, from airing on television. Dean Jr. alleges that Judge Woods had a conflict of interest and should have recused from the appellate matter. Instead, Judge Woods did not recuse herself and ruled on the appeal in favor of Judge Cates. R. Doc. 72. It is unclear from the allegations whether there were two additional appellate judges presiding over the matter given the structure of the appellate court. *Id.* Dean Jr. seeks to sue Judge Woods in both her official and individual capacity.

Dean Jr. also seeks to name Chief Justice Bernette Joshua Johnson as a defendant because he appealed the succession proceeding to the Louisiana Supreme Court and that Justice Johnson's daughter, who was a candidate for judicial office at the time, "filed a motion seeking to block a commercial of her political opponent Suzy Montero." Dean Jr. alleges that the motion was ruled on by Judge Cates, who enjoined the commercial from airing. *Id.* While the matter was before the Louisiana Supreme Court, Dean Jr. filed a motion to recuse the Chief Justice because her daughter benefitted from a ruling of Judge Cates, who was the main subject of Dean Jr.'s claim. Justice Johnson denied the request to recuse and his Writ Application was dismissed. *Id.* Dean Jr. now seeks to assert claims against Chief Justice Bernette Johnson for alleged self-dealing and cronyism. *Id.* Dean Jr. seeks to sue Judge Johnson in both her official capacity and individual capacity.

**II.** **Standard of Review**

Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings before trial. Rule 15(a) allows a party to amend its pleadings "only with the other party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Moreover, the Rule urges that the Court "should freely give leave when justice so requires." *Id.* In taking this liberal approach, the Rule "reject[s] the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48 (1957).

"Rule 15(a) requires a trial court 'to grant leave to amend freely,' and the language of this rule 'evinces a bias in favor of granting leave to amend.'" *Jones v. Robinson Prop. Grp.*, 427 F.3d 987, 994 (5th Cir. 2005) (internal quotations marks omitted) (quoting *Lyn–Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir. 2002)). When denying a motion to amend, the court must have a "substantial reason," considering such factors as "'undue delay, bad faith or dilatory

3

motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . and futility of the amendment.'" *Marucci Sports, LLC v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (quoting *Jones*, 427 F.3d at 994).

### III.   Analysis

Dean Jr. seeks to assert a claim against Fourth Circuit Court of Appeal Judge Regina Bartholomew Woods, who he claims benefited from a decision of Judge Cates when she was running for the Circuit Court. Dean Jr notes that the appellate court reversed the TRO issued by Judge Cates because: (1) there was inadequate notice to the appellants to give them an opportunity to oppose the entry of such an order; and (2) the court failed to order the posting of a bond. Dean Jr. alleges that because Judge Cates issued a TRO removing a commercial by Judge Laurie White, the opponent of Judge Woods, that she had a conflict of interest and should have recused from the appellate matter. Instead, Judge Woods did not recuse herself and ruled on the appeal in favor of Judge Cates.

Dean Jr. also alleges that Justice Johnson should be made a defendant because when he filed a writ application to the Louisiana Supreme Court she did not recuse herself, despite his motion to do so, even though her daughter benefitted from a TRO by Judge Cates, the subject of his writ application. He, therefore, contends that both judges should be held liable pursuant to Title 42 U.S.C. Section 1983.

#### A.   Official Capacity Claims

Dean Jr. seeks monetary damages against Judge Woods and Justice Johnson in their official capacity. However, it is well established that official capacity claims are in essence claims against the state. *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989). As the Eleventh Amendment

4

bars a plaintiff from recovering monetary damages against the state, it similarly bars such claims against a state official sued in his or her official capacity. *Edelman v. Jordan*, 415 U.S. 651, 663 (1974); *Hutto v. S.C. Retirement Sys.*, 773 F.3d 536, 549 (4th Cir. 2014) ("State officials sued in their official capacities for retrospective money damages have the same sovereign immunity accorded to the State."). Thus, the Eleventh Amendment bars Dean Jr.'s claims against Judge Woods and Justice Johnson in their official capacity.

### B. Individual Capacity Claims

Dean Jr. also seeks to hold Judge Woods and Justice Johnson liable in their individual capacity. However, where the act about which he complains was within the court's jurisdiction and involved a judicial act, both judges would be immune from suit in their individual capacity.

It is well established that judges enjoy absolute judicial immunity from lawsuits that cannot be overcome by allegations of bad faith or malice. *Stump v. Sparkman,* 435 U.S. 349, 355-56 (1978). Judicial immunity is clearly applicable in cases, such as the instant one, brought pursuant to 42 U.S.C. § 1983. *See Sparkman,* 435 U.S. at 356; *Pierson v. Ray,* 386 U.S. 547, 554-55 (1967). The Supreme Court has recognized only two instances in which judicial immunity is inapplicable. "First, a judge is not immune from liability for non-judicial actions, *i.e.*, actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles v. Waco,* 502 U.S. 9, 11 (1991) (internal citations omitted).

Regarding the first exception, the Supreme Court has noted:

> The relevant cases demonstrate that the factors determining whether an act by a judge is a "judicial" one relate to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity. *Sparkman,* 435 U.S. at 362.

Dean Jr.'s allegations against Judge Woods and Justice Johnson arise out of decisions made during the succession proceeding, which were clearly within each of the judges' jurisdiction. For example, he complains that both judges failed to recuse themselves even though they had a conflict of interest because they either benefitted directly or indirectly from an order by Judge Cates, who was the subject of the matter before each of them. However, because the acts complained of are judicial acts, the doctrine of absolute judicial immunity bars Dean Jr.'s suit against Judge Woods and Justice Johnson in their individual capacities. As a result, the motion is denied.

### IV. Conclusion

Accordingly,

**IT IS ORDERED** that **Plaintiff's Motion for Leave to File a Second Supplemental or Third Amended Complaint (R. Doc. 72)** is **DENIED.**

New Orleans, Louisiana, this July 24th, 2018.

**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**