UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DEAN E. GILBERT** | **CIVIL ACTION** |
| **VERSUS** | **NO: 17-04786 c/w 17-12195** |
| **SIDNEY H. CATES, IV, ET AL.** | **SECTION: "H" (4)** |

## ORDER

Before the Court is **Plaintiff's Motion for Reconsideration of the Court's Denial of His Motion for Appointment of Counsel (R. Doc. 71)**. The motion is opposed. R. Doc. 77. The motion was heard on the briefs.

## I. Background

Plaintiff, Dean Gilbert ("Dean Jr."), filed this lawsuit contending that his constitutional rights,[1] Title 42 U.S.C. § 1981,[2] 1983,[3] and 1985[4] were violated and alleges state law claims[5] in a state court succession proceeding involving the death of his mother, Bernadette Gaines Gilbert. The facts of this dispute were previously set out in detail by the Court and are incorporated herein by reference. *See* R. Doc. 75.

---

[1] Gilbert contends that the defendants violated his Civil Rights in violation of the First Amendment (protecting the free exercise of religion, speech and press, assembly, and petition for redress of grievances), Fourth Amendment (protects the right to be secure in your house and papers against search and seizure), Fifth Amendment (provides for a grand jury, protects against double jeopardy, provides for due process, and against compulsory witness), Eighth Amendment (protects against excessive bail and cruel and unusual punishment), and Fourteenth Amendment (protects against laws that abridge the privileges or immunities of citizens, provides for due process and equal protection).

[2] Section 1981 protects the right to make and enforce contracts.

[3] Section 1983 provides the right to sue the government for civil rights violations.

[4] Section 1985 provides for damages for a conspiracy to interfere with civil rights and failure to report if conspiracy is known.

[5] Gilbert also alleges the following state law violations: (1) malicious prosecution; (2) conspiracy; (3) retaliation; (4) negligence; and (5) intentional infliction of emotional distress.

The instant motion was filed by the Plaintiff seeking reconsideration of the court's order denying his motion for appointment of counsel. R. Doc. 71. He argues that the Court misapprehends his case, he does not have the resources to present and investigate his case, and any competent motion regarding his inadequacy puts him in a "Catch-22." *Id.* He further argues that all the evidence will be conflicting testimony and the appointment of counsel will benefit the Court and further the cause of justice.

The motion is opposed. R. Doc. 77. Defendants Baldwin, Haspel, Burke & Mayer, LLC, Joel Mendler, and Thomas Cortazzo argue that no exceptional circumstances for the appointment of counsel exist, the Plaintiff has made no showing of indigence, and has added nothing new to justify reconsideration.

## II.   Standard of Review

The Federal Rules do not recognize a motion for reconsideration, but the Fifth Circuit has consistently recognized that such a motion may challenge a judgment or order under Federal Rules of Civil Procedure 54(b), 59(e), or 60(b). *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990). Rules 59 and 60, however, apply only to final judgments. When a party seeks to revise an order that adjudicates fewer than all the claims among all of the parties, Federal Rule of Civil Procedure 54(b) controls. Fed. R. Civ. P. 54(b). *See also, Helena Labs. Corp. v. Alpha Scientific Corp.*, 483 F.Supp.2d 538 (motion for reconsideration under Rule 59(e) treated as under Rule 54(b) because reconsideration of partial summary judgment order was sought and no final judgment had yet been entered in the case). The Rule states:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Under Rule 54(b), the district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." However, this broad discretion must be exercised sparingly in order to forestall the perpetual reexamination of orders and the resulting burdens and delays.

Further, the decision of the district court to grant or deny a motion for reconsideration will only be reviewed for an abuse of discretion. *Martin v. H.M.B. Constr. Co.*, 279 F.2d 495, 496 (5th Cir. 1960) (citation omitted); *See also Garcia v. Woman's Hosp. of Tex.*, 97 F.3d 810, 814 (5th Cir. 1996).

The general practice of courts in this district has been to evaluate Rule 54(b) motions to reconsider under the same standards that govern Rule 59(e) motions to alter or amend a final judgment. *See, e.g., Castrillo v. Am. Home Mortgage Servicing Co.*, 2010 WL 1424398, at *3 (E.D. La. Apr. 5, 2010); *Rosemond v. AIG Ins.*, 2009 WL 1211020, at *2 (E.D. La. May 4, 2009). A Rule 59(e) motion "calls into question the correctness of a judgment," and courts have considerable discretion in deciding whether to grant such a motion. *In re: Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002). In exercising this discretion, courts must carefully balance the interests of justice with the need for finality. Courts in the Eastern District of Louisiana have generally considered four factors in deciding a motion under the Rule 59(e) standard: (1) the motion is necessary to correct a manifest error of law or fact upon which the judgment is based; (2) the movant presents newly discovered or previously unavailable evidence; (3) the motion is necessary in order to prevent manifest injustice; or (4) the motion is justified by an intervening change in controlling law.

Motion under Rules 54(b), 59(e), and 60(b), are not the proper vehicle for rehashing evidence, legal theories, or arguments. *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir.

1990). Instead, they "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989). Reconsideration, therefore, is not to be lightly granted, as "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly" and the motion must "clearly establish" that reconsideration is warranted. *Templet v. Hydro Chem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004).

Moreover, it is well-settled that motions for reconsideration should not be used to raise arguments that could, and should, have been made before entry of an order or to re-urge matters that have already been advanced by a party. *See Browning v. Navarro*, 894 F.2d 99, 100 (5th Cir. 1990). When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted. *Livingston Downs Racing Ass'n v. Jefferson Downs Corp.*, 259 F.Supp.2d 471 (M.D. La. 2002). *See also Mata v. Schoch*, 337 B.R. 138 (S.D. Tex. 2005) (refusing reconsideration where no new evidence was presented); *FDIC v. Cage*, 810 F.Supp. 745, 747 (D. Miss. 1993) (refusing reconsideration where the motion merely disagreed with the court and did not demonstrate clear error of law or manifest injustice).

### III.  Analysis

The Plaintiff seeks reconsideration of the Court's denial of his motion to appoint counsel because he thinks that the Court "misapprehends the Plaintiff's case" and that based on his allegations, the case is complex. He further argues he does not have the resources necessary to present and investigate his claim, the evidence will be conflicting testimony, and appointment of counsel will assist the interest of justice. R. Doc. 71.

First, Plaintiff has not directed this Court to any manifest errors of law or fact upon which the decision to deny appointment of counsel was based. Second, he has not presented any new or unavailable information that was not included in the original motion. Third, he has not cited to, nor is the Court aware, of any intervening change in controlling law that would make reconsideration necessary.

The only major change in this litigation is that since the Court's denial of the motion to appoint counsel is that the Court has denied two motions seeking to amend and supplement the pleadings and which sought to add numerous defendants and claims. R. Docs. 75, 83. As such, only the originally named defendants remain.[6]

The Court, therefore, finds that reconsideration is not warranted as the Plaintiff has not directed the Court to any manifest error of fact or law. The Plaintiff's motion is ultimately a disagreement with the decision of the Court, however, mere disagreement is not an independent reason for reconsideration. As a result, the Plaintiff's motion is denied.

## IV. Conclusion

Accordingly,

**IT IS ORDERED** that the **Plaintiff's Motion for Reconsideration of the Court's Denial of His Motion for Appointment of Counsel (R. Doc. 71)** is **DENIED.**

New Orleans, Louisiana, this 9th day of August 2018.

**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

---

[6] The Plaintiff has objected and seeks the District Court's review of the denials of his motions to amend and supplement the complaint. R. Docs. 78, 84. The District Court's review is still pending as of the date of this order.