# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DEAN GILBERT** | **CIVIL ACTION** |
| **VERSUS** | **NO: 17-4786** |
| **SIDNEY CATES, IV, ET AL.** | **SECTION: "H"(4)** |

## ORDER AND REASONS

Before the Court are a Motion for Reconsideration (Doc. 78) and Motion to Set Status Hearing (Doc. 20) filed by Plaintiff Dean Gilbert; and Motions to Dismiss filed by Defendants Marlin Gusman (Doc. 3); Laurie Hendrickson (Doc. 5); Sidney Cates, Laurie Hendrickson, and Michelle Mouton (Doc. 6); Baldwin, Haspel, Burke & Mayer, LLC, Thomas Cortazzo, and Joel Mendler (Doc. 11); Baldwin, Haspel, Burke & Mayer, LLC (Doc. 22), City of New Orleans (Doc. 24); Dwight Gilbert (Doc. 29); and Debra Dave (Doc. 66).

For the following reasons, Plaintiff's Motion for Reconsideration is **DENIED**, and Plaintiff's Motion for Status Hearing is **DENIED AS MOOT**. All motions to dismiss are **GRANTED**.

## BACKGROUND

This action stems from litigation in state court over the succession of Plaintiff's mother, Bernadette Gaines Gilbert.[1] Plaintiff Dean Gilbert filed his initial Complaint pro se in this Court on May 8, 2017, naming as defendants Sidney Cates, the judge on the Orleans Parish Civil District Court that presided over Plaintiff's mother's succession; Baldwin, Haspel, Burke & Mayer, LLC ("Baldwin Haspel"), Thomas Cortazzo, and Joel Mendler, a law firm and its attorneys that worked on the succession;[2] Dwight Gilbert, Plaintiff's brother; Marlin Gusman, the Orleans Parish Sheriff; Michelle Mouton, Judge Cates's law clerk; Laurie Hendrickson, Judge Cates's court reporter; and Orleans Parish (the "Lead Action").[3]

Bernadette Gilbert died intestate from lung cancer on December 11, 2011.[4] Before Bernadette died, Plaintiff spent years helping his parents recover from losses they suffered during Hurricane Katrina.[5] But after Bernadette died, Plaintiff's brother, Defendant Dwight Gilbert, took Plaintiff's father, Dean Gilbert Sr., to Dwight's home in Michigan.[6] Plaintiff alleges that his father suffered from "significant cognitive impairments" while in Michigan, and that Dwight brainwashed Dean Sr. into believing Plaintiff killed Bernadette and was conspiring to kill Dean Sr.[7] Plaintiff further alleges while his father was in Michigan, the Road Home program demanded that Plaintiff open his mother's succession in Louisiana to obtain funds to pay a contractor

---

[1] *See* Doc. 1.
[2] Plaintiff also named as a defendant Joseph Bonventure, another Baldwin Haspel attorney, but he was dismissed after Plaintiff failed to effect service upon him. *See* Doc. 76.
[3] Doc. 1.
[4] Doc. 1 at 4.
[5] Doc. 1 at 4.
[6] Doc. 1 at 4.
[7] Doc. 1 at 4.

2

owed money by Plaintiff's parents.[8] In response, Plaintiff opened the succession through Duty Judge Robin Giarrusso in Civil District Court in Orleans Parish and was appointed the succession's administrator.[9]

This saga really began when Judge Cates, who was the allotted judge as the time Plaintiff originally opened his mother's succession, granted a request by Dwight to remove Plaintiff as the succession's administrator.[10] This sparked years of litigation in state court that ultimately resulted in the Fourth Circuit Court of Appeal in Louisiana affirming the trial court's actions.[11] Among the actions affirmed was an incarceration order by Judge Cates sentencing Plaintiff to 11 days in jail for contempt of court.[12]

In his Complaint, Plaintiff took aim at Judge Cates, alleging that "[t]hrough the use of his judicial office as an offensive weapon to retaliate against [Plaintiff] and enrich his campaign patrons and friends, Judge Cates conspired with Sherriff Gusman and others to violate [P]laintiff's civil rights by acting through an absence of jurisdiction."[13] Plaintiff demands "judgment against the defendants" and a permanent injunction preventing Judge Cates from presiding over the succession of Plaintiff's mother.

On October 12, 2017, Plaintiff filed a second action in state court naming as defendants Sidney Cates, Baldwin Haspel, Debra Dave, and Dwight

---

[8] Doc. 1 at 4.
[9] Doc. 75 at 2.
[10] *See* Doc. 75 at 2.
[11] *See* Succession of Gilbert, 2016-0609 (La. App. 4 Cir. 11/8/17), *writ denied*, 2017-2181 (La. 4/6/18), 240 So. 3d 184, *reconsideration denied*, 2017-2181 (La. 6/1/18), 243 So. 3d 1065.
[12] *See id.* Plaintiff claims he spent more than 11 days in jail. *See* Doc. 33-1 at 21–27, 62. This allegation of over-incarceration serves as the basis for some of Plaintiff's claims in his proposed amended complaints.
[13] Doc. 1 at 4.

Gilbert.[14] The Petition asserts claims of legal malpractice, negligence, elder abuse, identity theft, conversion, breach of fiduciary duty, intentional infliction of emotional distress, invasion of privacy, "interference with prospective economic advantage," misrepresentation, fraud, abuse of process, breach of trust, civil rights violations under 42 U.S.C. § 1983, and violations of Plaintiff's First, Fifth, Sixth, and Fourteenth Amendment rights. Defendant Baldwin Haspel removed the case to this Court on the basis of federal question and supplemental jurisdiction (the "Consolidated Action"). It was assigned a case number of 17-12195 and was consolidated with the Lead Action on January 11, 2017.[15]

Defendants Gusman and Hendrickson have filed separate motions to dismiss Plaintiff's Complaint in the Lead Action pursuant to Rule 12(b)(6) on the grounds that Plaintiff's Complaint fails to make any factual allegations against them.[16] Defendants Cates, Mouton, and Hendrickson jointly filed a motion to dismiss Plaintiff's Complaint in the Lead Action on the grounds that Plaintiff's suit against them in their official capacities is barred by sovereign immunity, that the Complaint fails to make any substantive factual allegations against them, and that—to the extent Plaintiff's Complaint is based on acts they took in their judicial functions—Plaintiff's claim is barred by absolute judicial immunity.[17] Defendants Cortazzo, Mendler, and Baldwin Haspel jointly filed a motion to dismiss Plaintiff's Complaint in the Lead Action pursuant to Rule 12(b)(6) on the grounds that Plaintiff's Complaint fails to make any factual allegations against them, especially the facts required to

---

[14] Doc. 1-2, case no. 17-12195. Plaintiff's Petition for Damages also named Capital One, N.A. as a defendant, but Plaintiff's claims against Capital One were dismissed pursuant to Federal Rule of Civil Procedure 4(m) for failure to effect service upon it. *See* Doc. 59.
[15] Doc. 23.
[16] Docs. 3, 5.
[17] Doc. 6.

4

state a tort claim against the attorneys of a person's legal adversary for actions taken in their representation.[18] Defendant the City of New Orleans, improperly named as Orleans Parish, filed a motion to dismiss Plaintiff's Complaint in the Lead Action pursuant to Rule 12(b)(6) on the grounds that Plaintiff's Complaint fails to make any specific factual allegations against it.[19] Plaintiff did not oppose any of those motions.

Defendant Baldwin Haspel filed a motion to dismiss Plaintiff's Petition for Damages in the Consolidated Action pursuant to Rule 12(b)(6) on the grounds that Plaintiff's Petition fails to make any factual allegations against it, especially the facts required to state a tort claim against the attorneys of a person's legal adversary for actions taken in their representation.[20] Defendant Dwight Gilbert filed a motion to dismiss Plaintiff's complaints in both the Lead Action and Consolidated Action on the grounds that Plaintiff failed to effect service upon him and that Plaintiff's complaints fail to state an actionable claim against him.[21] Defendant Dave filed a motion to dismiss Plaintiff's Petition for Damages in the Consolidated Action on the grounds that Plaintiff failed to timely effect service upon her pursuant to Rule 4(m) and that Plaintiff's Petition for Damages fails to state a claim against her.[22] Plaintiff also did not oppose any of those motions.

On October 18, 2017, Plaintiff filed a motion for leave to amend his Complaint.[23] The Magistrate Judge granted Plaintiff's motion and gave Plaintiff until November 12, 2017, to file an amended complaint.[24] The

---

[18] Doc. 11.
[19] Doc. 24.
[20] Doc. 22.
[21] Doc. 29.
[22] Doc. 66.
[23] Doc. 12.
[24] Doc. 13.

5

Magistrate Judge subsequently extended that deadline to November 20, 2017, and then to November 27, 2017.[25] Plaintiff failed to file any amended complaint until February 12, 2018, when Plaintiff filed a motion for leave to supplement his original motion to amend his complaint.[26] Attached to this motion was an 82-page proposed pleading ("First Amended Complaint").[27] While that motion was pending, on June 1, 2018, Plaintiff filed a new motion for leave to file another amended complaint ("Second Amended Complaint").[28] Then, on June 29, 2018, Plaintiff filed a third motion for leave to file another amended complaint ("Third Amended Complaint").[29] Taken together, these proposed amendments sought to add numerous new defendants and claims.[30]

On July 13, 2018, the Magistrate Judge denied Plaintiff's motions to file the First Amended Complaint and Second Amended Complaint ("First Order and Reasons").[31] On July 24, 2018, the Magistrate Judge denied Plaintiff's motion to file a Third Amended Complaint ("Second Order and Reasons").[32] In examining the multitude of claims that Plaintiff asserted, the Magistrate Judge concluded that the amendments were futile because Plaintiff's proposed complaints failed to state actionable claims.

Plaintiff filed a Motion for Reconsideration on July 19, 2018, asking the Court to review the orders of the Magistrate Judge denying Plaintiff's motions for leave to file the First Amended Complaint and Second Amended Complaint.[33] At Plaintiff's request, the Court granted Plaintiff two extensions

---

[25] Docs. 14, 16.
[26] Doc. 33.
[27] Doc. 33.
[28] Doc. 65
[29] Doc. 65.
[30] *See* Docs. 33-1, 38, 65, 72.
[31] Doc. 75.
[32] Doc. 83.
[33] Doc. 78.

6

of time to file his memorandum in support of the motion.[34] The Court also instructed Plaintiff to include in that memorandum any objections to the Magistrate Judge's denial of Plaintiff's motion for leave to file his Third Amended Complaint as well. The Court first will address Plaintiff's Motion for Reconsideration and then Defendants' motions to dismiss.

## LEGAL STANDARD

### I. Motion for Reconsideration

Although titled as a "Motion for Reconsideration," Plaintiff's request for review of the Magistrate Judge's order is more properly treated as a Motion for Leave to Appeal a Magistrate Judge's order. With the consent of the presiding district judge, a magistrate judge may adjudicate non-dispositive pre-trial motions.[35] A magistrate judge is afforded broad discretion in resolving such motions.[36] A party aggrieved by the magistrate judge's ruling may appeal to the district judge within fourteen days after service of the ruling.[37] The district judge may reverse only upon a finding that the ruling is "clearly erroneous or contrary to law."[38] To meet this high standard, the district judge must be "left with a definite and firm conviction that a mistake has been committed."[39]

### II. Motions to Dismiss

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face."[40] A claim

---

[34] Docs. 79, 87.
[35] 28 U.S.C. § 636(b)(1)(A).
[36] McCallon v. BP Am. Prod. Co., Nos. 05–0597, 05–0700, 2006 WL 3246886, at *2 (E.D. La. Nov. 8, 2006).
[37] Fed. R. Civ. P. 72(a).
[38] 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).
[39] Norton v. Dimazana, 122 F.3d 286, 293 (5th Cir. 1997).
[40] Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

is "plausible on its face" when the pleaded facts allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[41] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[42] The Court need not, however, accept as true legal conclusions couched as factual allegations.[43]

To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[44] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice.[45] Rather, the complaint must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim.[46]

## LAW AND ANALYSIS

### I. Plaintiff's Motion for Reconsideration

Plaintiff asks this Court to review the rulings of the Magistrate Judge denying Plaintiff leave to amend his Complaint. Having carefully reviewed Plaintiff's proposed amended complaints, the Magistrate Judge's rulings on Plaintiff's requests to amend his Complaint, and Plaintiff's memorandum supporting his Motion for Reconsideration, this Court finds that Plaintiff has failed to identify any clearly erroneous action by the Magistrate Judge that materially affects the outcome of this litigation.[47] This Court, therefore,

---

[41] *Id.*
[42] Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232 (5th Cir. 2009).
[43] *Iqbal*, 556 U.S. at 678.
[44] *Id.*
[45] *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555).
[46] *Lormand*, 565 F.3d at 255–57.
[47] This Court recognizes that portions of the Magistrate Judge's First Order and Reasons were clearly erroneous. But those errors were harmless because the outcome remains the same. First, any claims relating to Plaintiff's alleged over-incarceration were not, in fact, prescribed. Because Plaintiff could not have had reason to know that he was held beyond

8

AFFIRMS the Magistrate Judge's rulings denying Plaintiff leave to amend his Complaint. Plaintiff's Motion for Reconsideration is DENIED.

## II. Motions to Dismiss

Plaintiff submitted no opposition to any of the motions to dismiss other than the proposed amended complaints and the memorandum in support of his motion for reconsideration of the Magistrate Judge's orders denying his request for leave to amend his complaint.

Defendants Cates, Mouton, Hendrickson, Cortazzo, Mendler, Baldwin Haspel, City of New Orleans, and Dwight Gilbert all move to dismiss Plaintiff's Complaint on the grounds that it fails to make specific factual allegations

---

the authority of the incarceration order until it happened, the harm would not have happened until *after* May 8, 2016. Plaintiff filed his Complaint on May 8, 2017, which was within the relevant prescriptive period of one year applicable to those claims. *See* Wallace v. Kato, 549 U.S. 384, 387 (2007) (applying state law personal injury prescriptive period to federal § 1983 claims); LA. CIV. CODE art. 3492 (providing for one-year prescriptive period for personal injury claims); Martinez v. Hidalgo Cty., Texas, 727 F. App'x 77, 78 (5th Cir. 2018) ("Under federal law, a cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action.") (quoting Piotrowski v. City of Houston, 237 F.3d 567, 576 (5th Cir. 2001)). Nevertheless, Plaintiff failed to allege sufficient facts in his amended complaints to support any claims stemming from the alleged over-incarceration. As such, those proposed amendments remain futile. Second, the claims against Baldwin Haspel, Clark Hill, and their lawyers are not legal malpractice claims because Plaintiff failed to allege that they worked on his behalf. *See* Teague v. St. Paul Fire & Marine Ins. Co., 974 So. 2d 1266, 1272 (La. 2008) (explaining that the existence of an attorney-client relationship is an element of the claim of legal malpractice). The three-year peremptive period of Louisiana Revised Statutes § 9:5605 applies only to legal malpractice, not *any* action against an attorney. Davis v. Parker, 58 F.3d 183, 188 (5th Cir. 1995). Therefore, Plaintiff's proposed claims against the lawyers are not *perempted*. Nonetheless, the claims are *prescribed* under the general one-year prescriptive period for delictual actions because the underlying conduct did not occur within a year of when Plaintiff filed his Complaint. *See* LA. CIV. CODE art. 3492. Third, and finally, the Magistrate Judge held that the claims against Mouton in her individual capacity were prescribed, citing the wrong date for the relevant contempt hearing (the hearing took place on May 5, 2016, not April 29, 2016). But the prescription issue is irrelevant: Plaintiff's claims against Mouton in her individual capacity are barred by absolute judicial immunity. *See* Turner v. Houma Mun. Fire & Police Civil Serv. Bd., 229 F.3d 478, 486 (5th Cir. 2000) (noting that absolute judicial immunity bars suits against judges—and their employees who act in a way that is integral to the judicial function—in their individual capacity).

9

against them. Plaintiff's Complaint recites some background facts but is entirely devoid of factual allegations bearing on the claims that it lists. Accordingly, Defendants' motions to dismiss Plaintiff's Complaint in the Lead Action are GRANTED. The Court does not reach Defendants' other arguments.

Defendants Baldwin Haspel, Dwight Gilbert, and Dave all move to dismiss Plaintiff's Petition for Damages in the Consolidated Action on the grounds that it fails to allege any particular facts against them. Plaintiff's Petition for Damages makes no factual allegations whatsoever. Accordingly, Defendants' motions to dismiss Plaintiff's Petition for Damages in the Consolidated Action are GRANTED. The Court does not reach Defendants' other arguments.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Reconsideration is **DENIED**, Plaintiff's Motion for Status hearing is **DENIED AS MOOT**, and Defendants' motions to dismiss are **GRANTED**. All claims are **DISMISSED WITH PREJUDICE**. Given Plaintiff's numerous opportunities to amend his Complaint, further leave to amend is futile.

New Orleans, Louisiana this 11th day of September, 2018.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**