# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DEAN GILBERT** | **CIVIL ACTION** |
| **VERSUS** | **NO: 17-4786 C/W 17-12195** |
| **SIDNEY CATES, IV, ET AL.** | **SECTION: "H"** |

## ORDER AND REASONS

Before the Court are Plaintiff Dean Gilbert's re-urged Motion for Recusal (Doc. 108) and Motion to Withdraw (Doc. 107) his previous Motion to Seal (Doc. 98). Also before the Court are Plaintiff's Motions to Amend or Make Additional Factual Findings under Federal Rules 59 and 52 (Docs. 96, 97) and Plaintiff's Motion for an Extension of Time (Doc. 109) to brief his Motions to Amend or Make Additional Factual Findings. Lastly, also before the Court is a Motion by Plaintiff to recuse Magistrate Judge Roby and to Stay these proceedings (Doc. 94).

For the following reasons, Plaintiff's Motions to Amend or Make Additional Factual Findings and his Motion for an Extension of Time to brief those Motions are **DENIED**. Plaintiff's Motion for Recusal of this Court also is **DENIED**, while his Motion to Withdraw his Motion to Seal is **GRANTED**. Finally, Plaintiff's Motion to Recuse Judge Roby is **REFERRED**, and Plaintiff's Motion to Stay is **DENIED**.

1

I.   **Motion for Recusal**

Any judge shall disqualify herself from "any proceeding in which [her] impartiality might reasonably be questioned."[1] "[A] judge faced with a potential ground for disqualification ought to consider how [her] participation in a given case looks to the average person on the street."[2]

Here, the Plaintiff argues that recusal is necessary because Judge Milazzo's son, Richard Perque, recently sought to become a judge at Orleans Parish's Civil District Court, the same court on which Defendant Sidney Cates sits as a judge. Plaintiff Gilbert had alleged previously that Defendant Cates rigged judicial elections. Gilbert argues that "[e]ven if Judge Milazzo had no fear of the rigging of a close election, she might have been conscientious about doing something to ostracize her son's future judicial colleagues from him."[3]

Judge Milazzo's son's bid to become a judge did not factor into any of the decisions made in this case. Nor does this Court believe that the average person on the street would think that her impartiality in this case might be questioned by her son's judicial campaign.[4] This Court fairly and impartially addressed all of Plaintiff's arguments related to this Action in its September 13, 2018 Order and Reasons.[5] Because this Court does not believe her son's judicial campaign might cause her impartiality to reasonably be questioned, Plaintiff's Motion for Recusal is denied.

II.   **Motions for Relief from Final Judgment**

---

[1] 28 U.S.C. § 455.
[2] Potashnick v. Port City Const. Co., 609 F.2d 1101, 1111 (5th Cir. 1980).
[3] Doc. 108 at 3.
[4] Furthermore, federal law requires that motions for recusal be timely filed. *See* Chitimacha Tribe of Louisiana v. Harry L. Laws Co., 690 F.2d 1157, 1165 n.3 (5th Cir. 1982) (noting that 28 U.S.C. §§ 144, 455 "require that a motion to disqualify be timely filed"). Plaintiff did not file his initial Motion for Recusal until more than a month *after* this Court issued a final judgment dismissing all Plaintiff's claims. Even though this Court denies Plaintiff's Motion for Recusal on substantive grounds, the Court notes that his Motion is untimely.
[5] *See* Doc. 95.

On September 14, 2018, this Court issued final judgment in this matter dismissing all Plaintiff's claims with prejudice.[6] On October 12, 2018, Plaintiff filed Motions to Amend or Make Additional Factual Findings under Federal Rules 59 and 52(b).[7] This Court will treat Plaintiff's Rule 59 Motion as a 59(e) Motion to Alter or Amend a Judgment.[8]

A Rule 59(e) motion "[i]s not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."[9] Instead, Rule 59(e) serves the narrow purpose of correcting "'manifest error[s] of law or fact or . . . presenting newly discovered evidence.'" "'Manifest error' is one that 'is plain and indisputable, and that amounts to a complete disregard of the controlling law.'"[10] In the Fifth Circuit, altering, amending, or reconsidering a judgment under Rule 59(e) "[i]s an extraordinary remedy that should be used sparingly."[11] While district courts have "considerable discretion in deciding whether to grant or deny a motion to alter a judgment," denial is favored.[12]

Here, Plaintiff seeks Rule 59(e) relief on the grounds that there "was no discovery in this matter," which led to this Court being misinformed "concerning the period of time of the defendants' legal malpractice, conversion, fraud, theft, and elder abuse" claims.[13] In a 12(b)(6) inquiry, however, a plaintiff is not entitled to discovery because the "inquiry focuses on the allegations in the pleadings, not whether a plaintiff actually has sufficient

---

[6] Doc. 93.
[7] Docs. 96, 97.
[8] *See* Doc. 96; FED. R. CIV. P. 59(e).
[9] Templet v. HydroChem, Inc., 367 F.3d 473, 479 (5th Cir. 2004) (citing Simon v. United States, 891 F.2d 1154, 1159 (5th Cir. 1990)).
[10] Guy v. Crown Equip. Corp., 394 F.3d 320, 325 (5th Cir. 2004) (quoting Venegas–Hernandez v. Sonolux Records, 370 F.3d 183, 195 (1st Cir. 2004)).
[11] *Templet*, 367 F.3d at 479 (citations omitted).
[12] Hale v. Townley, 45 F.3d 914, 921 (5th Cir. 1995).
[13] *See* Doc. 96.

evidence to succeed on the merits."[14] Because this Court dismissed all claims by Plaintiff under Rule 12(b)(6),[15] he was never entitled to discovery in this matter. Thus, the Court could only rely on the allegations in Plaintiff's Complaint when deciding Defendants' Motions to Dismiss, which it did. Plaintiff thus fails to identify any manifest error by this Court or any newly discovered evidence that would warrant relief under Rule 59(e).

Plaintiff in a separate Motion seeks relief under Rule 52(b).[16] Under Rule 52(b), "[o]n a party's motion . . . the court may amend its findings—or make additional findings—and may amend the judgment accordingly."[17] "The purpose of motions to amend is to correct manifest errors of law or fact or, in some situations, to present newly discovered evidence."[18] "Except for motions to amend based on newly discovered evidence, the trial court is only required to amend its findings of fact based on evidence contained in the record. To do otherwise would defeat the compelling interest in the finality of litigation."[19]

In support of his Rule 52(b) Motion, Plaintiff states that "the court had detrimental reliance on the defendants' errant narrative as de facto factual findings."[20] As described above, however, Plaintiff was not entitled to discovery in this matter, and this Court relied on the pleadings in rendering its Order and Reasons.[21] Plaintiff has failed to identify any new evidence justifying relief under either Rule 59(e) or Rule 52(b). Accordingly, and for the foregoing reasons, Plaintiff's Motions are denied.

---

[14] Ferrer v. Chevron Corp., 484 F.3d 776, 782 (5th Cir. 2007).
[15] *See* Doc. 93.
[16] *See* Doc. 97; FED. R. CIV. P. 52(b).
[17] FED. R. CIV. P. 52(b).
[18] Fontenot v. Mesa Petroleum Co., 791 F.2d 1207, 1219 (5th Cir. 1986).
[19] *Id.*
[20] Doc. 97 at 2.
[21] *See* Doc. 93.

4

Further, this Court does not believe additional briefing will reveal any relevant laws or facts that this Court has not already considered or that would change the result of Plaintiff's requests for post-judgment relief. As such, Plaintiff's request for an extension of time to brief his Motions to Amend or Make Additional Factual Findings is denied.

III. **Motion to Recuse Judge Roby**

On September 13, 2018—the same day this Court dismissed with prejudice all Plaintiff's claims—Plaintiff filed a Motion to Recuse Magistrate Judge Roby from this case.[22] Plaintiff argues that Judge Roby should recuse herself from this now-closed case because her "office has a long and close relationship" with Joan Heisser, a Defendant in this case.[23] Because of the personal nature of Plaintiff's allegations, and because motions to recuse typically are decided by the judge a party seeks to recuse, Plaintiff's Motion to Recuse Judge Roby is referred to her.

IV. **Motion to Stay**

Plaintiff also seeks a stay in these post-judgment proceedings until Judge Roby rules on Plaintiff's Motion to Recuse her from this case.[24] Since the dismissal with prejudice of all Plaintiff's claims on September 14, 2018, no motions of his have gone before Judge Roby. All of Plaintiff's post-judgment requests came before this Court. The claims in this case were disposed of, and final judgment was entered, more than two months ago.[25] As explained above, Plaintiff is not entitled to post-judgment relief under Rules 52 or 59. This Court does not believe a stay in these post-judgment proceedings is necessary or appropriate. Nor is Plaintiff entitled to one. Plaintiff's Motion to Stay is denied.

---

[22] *See* Doc. 94.
[23] *See id.*
[24] *See id.*
[25] *See* Docs. 93, 95.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motions to Amend or Make Additional Factual Findings under Rules 52 and 59 and his related Motion for an Extension of Time to brief those Motions are **DENIED**. Plaintiff's re-urged Motion for Recusal of this Court is **DENIED**, and Plaintiff's Motion to Withdraw his Motion to Seal is **GRANTED**. Finally, Plaintiff's Motion to Recuse Judge Roby is **REFERRED**, and his Motion to Stay is **DENIED**.

New Orleans, Louisiana this 28th day of November, 2018.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**